IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OTIS CAUTHERN, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| U.S. PIPE AND FOUNDRY | ) CV-10-TMP-0142-S |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201 and 2202. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination. This is a suit also authorized and instituted pursuant to 29 U.S.C. § 2611 et seq., the Family Medical Leave Act ("FMLA"). Pursuant to the FMLA this action seeks equitable relief, backpay and liquidated damages.

### II. PARTIES

1

2. Plaintiff, Otis Cauthern, Jr., is a black citizen of the United States and a resident of the State of Alabama. The plaintiff was employed by the defendant at its Jefferson County, Alabama location.

3. Defendant, U.S. Pipe and Foundry Company, on information and belief is a corporation doing business in Jefferson County, Alabama. Defendant is an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A).

### III. CAUSES OF ACTION

#### Count I

4. The plaintiff re-alleges and incorporates by reference paragraphs 1-3 above with the same force and effect as if fully set out in specific detail herein below.

5. The plaintiff was a full time employee of the defendant and had worked for the defendant for approximately fifteen years.

6. A dispute arose between Pat Sparks, an employee, and the plaintiff.

7. Sparks became aggressive toward the plaintiff and got into the plaintiff's face in a confrontational manner.

8. The plaintiff told him that he was not going to fight him and that he was going to go to management to report him.

9 Sparks threatened the plaintiff that he would report to management that the plaintiff pulled a knife on him.

10. It was not true that the plaintiff had pulled a knife on Sparks.

11. There was not a fight or any injury that occurred during the dispute between the plaintiff and Sparks.

12. Plaintiff had a doctor's appointment and left work to go to his doctor.

13. On information and belief Sparks falsely reported to management of the company that the plaintiff had pulled a knife on him.

14. Subsequently, plaintiff was told to write down what had occurred.

15. A meeting was held and Brett Burris in management told the plaintiff no matter what he was not going to get his job back.

16. Plaintiff was terminated on or about January 24, 2008.

17. On information and belief, white employees who have been involved in disagreements with employees have not been terminated.

18. Plaintiff has been subjected to different terms and conditions than white employees.

19. Plaintiff was discriminated against, because of his race in violation of 42 U.S.C. § 1981 in discipline, discharge and terms, conditions, and privileges of employment.

20. As a consequence, plaintiff has suffered damages, including but not limited to lost wages, embarrassment, humiliation, shame, damage to reputation, mental distress and emotional pain and anguish.

21. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## Count II

22. The plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same force and effect as if fully set out in specific detail herein below.

22. Plaintiff is a diabetic.

23. During his employment the plaintiff had been approved for and taken intermittent FMLA Leave for the ongoing care and treatment of his diabetes.

24. On the day of the incident previously referred to above, plaintiff had a doctor's appointment for care of his diabetes.

25. Plaintiff went to his doctor's appointment.

26. He subsequently was falsely accused of pulling a knife on Sparks.

27. On information and belief various persons who saw the incident informed the company that they did not see the plaintiff pull a knife.

28. The company terminated the plaintiff.

29. The actions of the defendant interfered with plaintiff's FMLA rights in violation of the FMLA.

30. The actions of the defendant were in retaliation for plaintiff's exercise or attempt to exercise his rights under the FMLA.

31. As a consequence of the defendant's actions the plaintiff suffered damages in the loss of backpay and benefits.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the plaintiff as secured by 42 U.S.C. Section 1981 and the FMLA.

2. Grant the plaintiff a permanent injunction enjoining the defendant, their agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. Section 1981 and the FMLA.

3.  Grant the plaintiff an order requiring defendant to make him whole, by granting appropriate declaratory and injunctive relief, front pay or reinstatement, compensatory and punitive damages, back-pay (plus interest), liquidated damages, attorney's fees, and expenses.

4.  Declare that the plaintiff's rights have been violated and issue appropriate injunctive and declaratory relief, as well as a judgment for damages.

5.  The plaintiff further prays for such other relief and benefits as the cause of justice may require.

Respectfully submitted,

Richard J. Ebbinghouse
Attorney for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
301 19th Street North
Birmingham, AL 35203
205-314-0500

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.

Richard J. Ebbinghouse