# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**OTIS CAUTHEN, JR.,**            }
                                  }
    **Plaintiff,**             }
                                  }
**v.**                            }    **Case No.: 2:10-CV-00142-RDP**
                                  }
**U.S. PIPE AND FOUNDRY**         }
**COMPANY,**                      }
                                  }
    **Defendant.**             }
                                  }

## MEMORANDUM OPINION

On August 26, 2011, the Magistrate Judge filed a Report and Recommendation ("R&R") (Doc. # 41) in the above-styled case, recommending that Defendant's Motion for Summary Judgment (Doc. # 16) be granted and that Plaintiff's claims under 42 U.S.C. § 1981 and the Family Medical Leave Act be dismissed. On September 1, 2011, Plaintiff filed objections (Doc. # 42) to the R&R and on September 15, 2011, Defendant filed a response to the objections (Doc. # 44).

The court has reviewed Plaintiff's objections and finds them to be without merit. Plaintiff largely reiterates his arguments previously made in opposition to Defendant's Motion for Summary Judgment and recites facts that the Magistrate Judge allegedly failed to consider. Further, Plaintiff contends that the Magistrate Judge did not apply the correct law. The court finds that the Magistrate Judge properly reviewed the entire Rule 56 record and applied the law correctly.

Although the court affirms and adopts the entire Magistrate Judge's opinion, it notes the following with respect to Plaintiff's § 1981 claim. Plaintiff provides examples of Defendant's other employees who were involved in altercations at work but who were not fired. However, Plaintiff has not shown that these employees were similarly situated to Plaintiff and outside of his protected

class; accordingly, Plaintiff has failed to satisfy the fourth element of a discrimination claim under § 1981. Moreover, when arguing that Defendant's proffered non-discriminatory reason for terminating Plaintiff was pretext, Plaintiff insists that he was not carrying a knife during the incident. Additionally, for the first time, Plaintiff argues that the Magistrate Judge improperly concluded that Plaintiff violated Defendant's policy concerning illegal weapons because he was not carrying an illegal weapon as defined by the Alabama Code.[1] (Doc. # 42 at 17 (citing ALA. CODE § 13A-11-50)). Plaintiff's objections are off the mark. As the Magistrate Judge correctly noted, the issue is whether Hendrix had a good-faith belief that Plaintiff violated company policy and not whether he actually carried a knife. The Magistrate Judge correctly concluded that the undisputed Rule 56 evidence shows that Hendrix had such belief.

Plaintiff also argues that the Magistrate Judge incorrectly granted Defendant's Motion to Strike Tyrone Rudolph's declaration in the August 26, 2011 order (Doc. # 40). Plaintiff has not filed timely objections to the court's August 26, 2011 order. *See* FED. R. CIV. P. 72. Construing Plaintiff's objections to the R&R as incorporating objections to the August 26, 2011 order, the court concludes that the August 26, 2011 order was not clearly erroneous or contrary to law. *See id*. Accordingly, the Magistrate Judge's granting of Defendant's motion to strike Rudolph's declaration is due to be affirmed.

Having carefully reviewed and considered *de novo* all the materials in the court file, the court is of the opinion that the Magistrate Judge's report is due to be adopted and approved. The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the

---

[1] The court in its discretion declines to consider Plaintiff's new argument that was not first presented to the Magistrate Judge in further detail. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

findings and conclusions of the court. In accordance with the R&R, Defendant's Motion for Summary Judgment is due to be granted. A separate order will be entered consistent with this Memorandum.

    **DONE** and **ORDERED** this 5th day of December, 2011.

                                                      **R. DAVID PROCTOR**
                                                    UNITED STATES DISTRICT JUDGE